IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOCAL 520 EMPLOYERS AND OPERATING ENGINEERS PENSION FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16-CV-1159-SMY-RJD |
| vs. | ) ) ) | |
| FOURNIE CONTRACTING COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (Doc. 12). Plaintiffs are related employee benefits plan funds as defined under the Employee Retirement Income Security Act of 1974 ("ERISA") as well as trustees of those plans. Defendant Fournie Contracting Company, Inc. ("Fournie") is an Illinois corporation which falls under the auspices of ERISA. (Doc. 1 at ¶ 7, Doc. 9 at ¶7).

Plaintiffs filed the instant action alleging Defendant's failure to submit timely reports and contributions pursuant to a collective bargaining agreement, and seeking to recover delinquent contributions, liquidated damages on late contributions, and attorney's fees. Defendant filed an Answer (Doc. 9) and Plaintiffs filed the instant Motion for Summary Judgment on March 16, 2017, requesting liquidated damages on late-paid contributions and attorneys' fees. Defendant has not filed a Response to Plaintiffs' motion, requested additional time under Federal Rule of Civil Procedure 56(d) to gather information to respond, or made any other request for an extension to respond.

Plaintiffs assert that under the applicable collective bargaining agreements, Fournie was required to submit reports on the amounts of contributions due to the plan funds (as well as payment of those contributions) by the 10th day of the following month. (Docs. 13 at 1, 12-2 at ¶¶ 5-6). Plaintiffs allege that Fournie was late in filing and paying 14 months' reports and contributions. (Doc. 12-2 at ¶ 8).

Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that a party enforcing contribution obligations may recover, among other things, liquidated damages provided for under the plan, reasonable attorney's fees and costs of the action. Plaintiffs allege that they are entitled to liquidated damages of 10% ($4,926.38) on the late-paid contributions. (Docs. 13 at 1-2, 12-2 at ¶¶2, 7, 8-9). They also claim legal fees and costs in the amount of $1000.86. (Doc. 12-1 at ¶5).

Under this Courts Local Rule 7.1(c), failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Here, discovery has proceeded and an audit of Plaintiff's records has been completed. (Docs. 21, 23). No response has been filed, and the deadline for doing so elapsed nearly eleven months ago. As such, the Court deems the merits of Plaintiffs' Motion for Summary Judgment admitted.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 12) is **GRANTED**. As the Motion for Summary Judgment only appears to touch on a subset of the claims asserted, leaving the question of unpaid contributions, the Court construes it as a motion for partial summary judgment as provided by *F.R.C.P.* 56(a). Plaintiffs are **AWARDED** liquidated damages in the amount of $4,926.38 and attorney's fees and costs in the amount of $1000.86. At the conclusion of this case, judgment will be entered in favor of the Plaintiffs and against Fournie, incorporating this award and any other relief deemed appropriate at that time.

**IT IS SO ORDERED.**

**DATED:  March 13, 2018**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**